UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANA LYDELL JOHNSON,

    Petitioner,

v.                                         Case No. 3:05-cv-102-J-25TEM

JAMES V. CROSBY, et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner, a prisoner of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on January 28, 2005. He challenges a November 1, 1990, state court conviction (Duval County, case no. 88-13729-CF). On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Motion to Dismiss (Doc. #6), filed April 11, 2005.

Petitioner's judgment of conviction was final in 1990. Thus, the one-year limitation period in Petitioner's case began to run on April 24, 1996. See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of

limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996.") (citations omitted), cert. denied, 528 U.S. 1085 (2000). Accordingly, Petitioner should have filed this action on or before April 24, 1997, unless any periods of time can be excluded from this one-year grace period because Petitioner was pursuing a properly filed application for state post-conviction relief.

In May of 2001, Petitioner filed a motion for post-conviction relief pursuant to Fl. R. Crim. P. 3.850 in state court. Even assuming arguendo that motion was properly filed, it did not toll the federal one-year limitation period because it had already expired. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner claims that the Court should reach the merits of his claims despite the untimeliness of this action because he is actually innocent. See Petitioner's Response to Motion to Dismiss (Doc. #10), filed April 29, 2005.

> [T]he Supreme Court held that a prisoner attempting to make such a showing must raise

3

>"new facts" that cast "sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error." In practical terms, this means that the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327, 115 S.Ct. at 867 (quoting Murray v. Carrier, 477 U.S. at 496, 106 S.Ct. at 2649).

Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004).

The Court finds Petitioner's allegations of actual innocence to be insufficient to warrant relief. Accordingly, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Even assuming arguendo that Petitioner made a sufficient showing of actual innocence, this case must be dismissed because Petitioner's sentence has expired. See Motion to Dismiss at 4-5. Petitioner is not "in custody" on his conviction in case no. 88-13729-CF. Furthermore, Petitioner is not "in custody" on his conviction in case no. 88-13729-CF merely because the conviction may have been used as a basis for enhancing his current state sentence.[1] See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). However, the Petition could be read as a challenge to his

---

[1] The Court takes judicial notice of the information contained on a Florida Department of Corrections website for "Inmate Population Information" at http://www.dc.state.fl.us/ActiveInmates/detail.asp, which shows that Petitioner is currently serving a life sentence imposed in St. Johns County in 1994.

4

current sentence, as enhanced by the allegedly invalid conviction in case no. 88-13729-CF. Although Petitioner has not stated that the above-mentioned state conviction was used as a basis for enhancing the sentence for which he is currently imprisoned, the Court will assume for purposes of this Petition that § 2254's "in custody" requirement is met.

On April 25, 2001, the Supreme Court of the United States decided Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001), extending the holding in Daniels v. United States, 532 U.S. 374 (2001), to preclude state prisoners' collateral attacks under § 2254 to expired state court convictions used to enhance current state sentences, absent extraordinary circumstances. The Supreme Court focused on the need for finality of convictions and ease of administration of cases. Coss, 532 U.S. at 402-403.

An exception to the general rule was recognized for a challenge to an enhanced sentence due to the prior conviction used for enhancement purposes being obtained when there was a failure to appoint counsel in violation of the Sixth Amendment. Id. at 404. In the case at bar, it is clear that Petitioner was represented by counsel in case no. 88-13729-CF. Therefore, this case does not warrant special treatment. See id. at 405-406. In light of the holding in Coss, habeas relief is unavailable to Petitioner through a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.

5

Therefore, it is now

**ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #6), filed April 11, 2005, is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___7___ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 5/3
c:
Dana Lydell Johnson
Assistant Attorney General Sherri Tolar Rollison